IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>                    Plaintiff,<br><br>       v.<br><br>GILBERT PHILIP CASTILLO, JR., et al.,<br><br>                    Defendants. | NO. C06-2540 TEH<br><br>ORDER SETTING SCHEDULE RE: DEFENDANT'S MOTION TO VACATE JUDGMENT AND ORDER REMOVING CASE FROM ELECTRONIC CASE FILING SYSTEM |

The Court is in receipt of a one-page letter, dated March 5, 2007, and entitled "Motion to Vacate Judgement [sic]," sent by Defendant Gilbert Philip Castillo, Jr. Although Castillo "personally plead[s] for an appeal" to vacate the judgment entered against him, the Court does not construe this language as a notice of appeal to the United States Court of Appeals for the Ninth Circuit. If such an appeal was Castillo's intention, then he shall promptly file a notice of appeal and withdraw his motion to vacate judgment.

Instead, the Court construes Castillo's letter for what it purports to be: a motion before this Court to vacate the default judgment entered against him on February 5, 2007. Some of Castillo's statements appear suspect. For example, the Court could not readily locate Castillo's current residential phone number, which Castillo claims is publicly listed. Moreover, Castillo refers to "my attorney" several times but later states that he has been searching since February 13, 2007, to find an attorney but has been unsuccessful "due to finances," and a quick online search revealed a February 20, 2007 *Business Week* article stating that "[Castillo's] attorney says that his client could not be reached immediately for comment." http://www.businessweek.com/bwdaily/dnflash/content/feb2007/ db20070220_704680.htm?chan=top+news_top+news+index_ businessweek+exclusives (accessed March 9, 2007). In addition, it is unclear why Castillo would have "become aware

of a newspaper printing" of the judgment when he apparently failed to notice any prior newspaper references to this case. Nonetheless, the Court will grant Castillo the due process of hearing his motion on the merits. Accordingly, IT IS HEREBY ORDERED that:

1. Castillo's motion to vacate judgment shall be heard in Courtroom 12, 450 Golden Gate Avenue, San Francisco, California, at 10:00 AM on **Monday, April 23, 2007.**

2. The briefing schedule shall be governed by the Civil Local Rules of this Court. Thus, Plaintiff United States Commodity Futures Trading Commission shall file an opposition or statement of non-opposition on or before **April 2, 2007,** and Castillo shall file a reply on or before **April 9, 2007.**

3. Castillo may continue his search for an attorney, assuming that he is no longer represented by John Feiner, the person Castillo names as "my attorney" in his motion, or by any other attorney. If Castillo is unable to find an attorney, he must be prepared to proceed according to the above schedule by representing himself. He shall read and comply with the Local Rules of this Court, which are available on the Court's website, http://www.cand.uscourts.gov. A "Pro Se Handbook" is also available on the Court's website if Castillo seeks additional advice on how to represent himself in this case.

4. Because Castillo is currently appearing without counsel, this case shall be removed from the Court's electronic case filing ("ECF") system. The Clerk and Plaintiff shall serve Castillo at the address listed in his motion: 1590 3rd Ave., Walnut Creek, CA 94597. Castillo shall immediately notify the Court in writing if either his address or telephone number change. If counsel files an appearance on Castillo's behalf, then this case will be returned to the ECF system and service on Castillo directly shall discontinue.

Finally, the Court encourages Castillo and counsel for Plaintiff to communicate and discuss a possible settlement of the claims raised in this case. If the parties both agree to participate in a settlement conference with a magistrate judge, then they shall notify this Court's courtroom deputy, at (415) 522-2047, of this agreement, and the motion to vacate judgment shall be taken off-calendar. Any request for a settlement conference must be joint, however, since it is the Court's experience that settlement conferences are only successful

when all parties approach them with an open mind and a desire to reach agreement outside the courtroom.

**IT IS SO ORDERED.**

Dated: 03/09/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT