IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GILBERT PHILIP CASTILLO, JR., et al.,<br><br>　　　　　　Defendants. | NO. C06-2540 TEH<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO CLARIFY ORDER VACATING DEFAULT AND TO STRIKE DEFENDANT CASTLE'S ANSWER |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff U.S. Commodity Futures Trading Commission's motions to clarify the Court's April 25, 2007 order vacating default and to strike the answer of Defendant Castle Enterprise Corporation ("Castle"). The Court has carefully reviewed both Plaintiff's and Defendant Castle's papers and finds oral argument to be unnecessary. Accordingly, the scheduled July 30, 2007 motion hearing is hereby VACATED, and the Court now GRANTS Plaintiff's motions for the reasons set forth below.

## II.   BACKGROUND

On February 5, 2007, this Court entered judgments by default against Defendants Castillo and Castle. On March 5, 2007, the Court received a letter from Defendant Castillo which the Court construed as a motion to vacate judgment. Although this letter referred only to Defendant Castillo, the Court set aside the default judgments against both Defendants Castillo and Castle on April 25, 2007, in the interests of due process and deciding cases on their merits, and to provide Defendants with an opportunity to retain counsel. On June 21, 2007, Plaintiff filed a motion to reinstate the default judgment against Defendant Castle.

Also on June 21, 2007, Defendant Castillo filed an answer on behalf of Defendant Castle. On June 25, 2007, Plaintiff moved to strike this answer and further moved this Court to impose sanctions upon Defendant Castillo for violating the local rules of this Court.

Defendant Castle failed to file a timely opposition prior to the July 9, 2007 deadline, and the Court's repeated attempts to contact Defendants Castle and Castillo through their telephone numbers of record proved unsuccessful. However, Defendant Castillo filed oppositions to both motions on July 14, 2007, on behalf of Defendant Castle.[1] Although these oppositions were filed five days late, the Court nonetheless considered the arguments presented before ruling on Plaintiff's motions.

## III. DISCUSSION

Civil Local Rule 3-9(b) of this Court states that "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." This regulation reflects the longstanding rule that a corporation may only appear in court through an attorney. *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Non-attorneys, including a corporation's president and sole shareholder, are barred from representing a corporation. *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Here, Defendant Castle is a corporation within the meaning of Civil Local Rule 3-9(b), and only a member of this district's bar may represent Defendant Castle. Defendant Castillo, however, is not a member of the bar of this Court. Therefore, Defendant Castillo may not represent Defendant Castle by filing a motion to vacate default judgment or by filing an answer to the complaint.

Despite Civil Local Rule 3-9(b)'s clear and unambiguous language, Defendant Castillo contends that the Court does not have to apply this rule to this case because the

---

[1] The opposition to the motion to strike states that it was filed on behalf of "Defendant Castillo Enterprise Corporation." The Court construes this as a reference to Defendant Castle Enterprise Corporation, as Castillo Enterprise Corporation is not a named defendant in this case.

2

Court has discretion to modify or otherwise ignore the local rules. However, Defendant Castillo's contention is unsupported. Civil Local Rule 1-2(a) clearly states that the local rules "apply to civil actions filed in this Court," and this Court finds no basis for departing from Rule 3-9(b) in this case. Moreover, that a corporation must be represented by licensed counsel has been well-established by Supreme Court precedent and is not only a requirement of this Court's local rules. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993).

## IV.   CONCLUSION

Accordingly, because non-attorney Defendant Castillo may not represent corporate Defendant Castle, and because Defendant Castle has not retained counsel to represent it, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Clarify Order Vacating Default is GRANTED. Default judgment against Defendant Castle shall be reinstated.

2. Plaintiff's Motion to Strike Answer of Defendant Castle is also GRANTED.

3. Plaintiff's request to impose sanctions upon Defendant Castillo is DENIED. Although Defendant Castillo violated Local Rule 3-9(b) by attempting to represent Defendant Castle and Local Rule 7-3(a) by filing a late opposition to Plaintiff's motion on Defendant Castle's behalf, the Court does not find sanctions to be warranted at this time. However, Defendant Castillo is on notice that failure to comply with this Court's local rules or any other applicable federal rules, such as the Federal Rules of Civil Procedure, may subject him to monetary or other sanctions in the future.

**IT IS SO ORDERED.**

Dated: 07/19/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3