IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

U.S. COMMODITY FUTURES
TRADING COMMISSION,

        Plaintiff,

v.

GILBERT PHILIP CASTILLO, JR.,
et al.,

        Defendants.

NO. C06-2540 TEH

<u>ORDER DENYING
DEFENDANT CASTILLO'S
REQUEST TO CONTINUE
TRIAL DATE</u>

        The Court has carefully reviewed the January 7, 2008 filing by Defendant Gilbert Castillo, Jr. and does not find good cause to continue the discovery cut-off date and trial date in this case. The trial date and discovery cut-off were set at the January 7, 2008 case management conference with Castillo present, and Castillo himself proposed a June 2008 trial date. When the Court explained that a June 17, 2008 trial date corresponded to a March 3, 2008 discovery cut-off and asked whether Castillo would be able to comply with that cut-off date, Castillo stated that he could meet that deadline provided that the government responded to his discovery requests. As the Court explained at the case management conference, all discovery disputes in this matter have been referred to Magistrate Judge Bernard Zimmerman.[1] Castillo should therefore bring any outstanding discovery disputes to Judge Zimmerman in accordance with Judge Zimmerman's initial discovery order (docket no. 78).

        Castillo did not raise any other objections to the setting of the trial and related pretrial dates during the case management conference. The Court explained that a March 3, 2008 discovery cut-off meant that March 3, 2008 was the last day on which the parties could

---

[1] At the July 30, 2007 case management conference, the Court ordered the parties to begin discovery no later than August 31, 2007. Discovery disputes were referred to Judge Zimmerman by written order on September 5, 2007.

conduct discovery, not the last day to send out requests. Castillo made no objection. The Court also asked Castillo to sign the order for pretrial preparation, explaining that doing so meant that he acknowledged that the trial and pretrial dates contained therein were orders of this Court. Castillo signed the order without expressing any reservations.

Castillo has failed to demonstrate good cause to vacate the trial and other related dates to which he agreed at the case management conference, and Castillo's request – which is yet another example of his continuing effort to delay and obstruct progress in this case – is therefore DENIED. As with all of its orders, the Court expects full compliance with the Order for Pretrial Preparation signed by the Court and Castillo and filed by the Court on January 7, 2008.[2]

**IT IS SO ORDERED.**

Dated: 01/08/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Counsel for Plaintiff United States Commodity Futures Trading Commission appeared at the January 7, 2008 case management conference telephonically and therefore was unable to sign the pretrial order. However, counsel did not express any disagreement with the dates ordered at the pretrial conference and was instructed to sign the order once it had been electronically filed and to lodge his signature with the Court.

2